

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

BRIAN FRANCOLLA
*Assistant Corporation Counsel*
Tel: (212) 788-0988
Fax: (212) 788-9776

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 0 3 2008
```

**SO ORDERED**

May 30, 2008

*George B. Daniels*

**HON. GEORGE B. DANIELS**
JUN 0 3 2008

**VIA HAND DELIVERY**

Honorable George B. Daniels
United States District Court Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: <u>Larry McNair v. Commissioner Kelly, et al.</u>, 08 CV 3439 (GBD)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for the City of New York. I am writing to notify the Court that this Office recently received a courtesy copy of a summons and complaint in the above-referenced action. The City is not a named defendant in this action.

    In the complaint, plaintiff, who is proceeding *pro se*, claims that he was falsely arrested on November 14, 2007 and November 23, 2007, assaulted and strip searched. Plaintiff purports to name Commissioner Raymond Kelly, Detective Santiago, Detective David Levine, Detective Bradley, Detective Valentin, E.S.U. Detective Kesthelfi, and several unidentified E.S.U. Detectives as defendants.

    From a review of the docket sheet, it appears that summonses have been issued, but that none of the individuals who have been named as defendants have been served with the summons and complaint. Moreover, upon information and belief, none of these individuals have requested representation from the Office of the Corporation Counsel. Accordingly, this Office respectfully submits that, to date, there is not a proper party defendant, whom the City may represent, served in this action.

    Notwithstanding, it also appears from a review of the docket sheet, that a pre-trial conference has been scheduled for June 25, 2008 at 9:30 a.m. Moreover, it appears that the Court has prepared and posted on the docket sheet a Case Management Plan and Scheduling Order with proposed dates. In light of the fact that no individual defendant has been served in this action to date, this Office respectfully requests that the Court (1) adjourn the pre-trial conference scheduled for June 25, 2008 until a later time convenient to the Court, after the pleadings have been joined, and (2) hold off in setting a discovery schedule until after the pleadings have been joined.

This Office respectfully submits that, while none of the individuals named as defendants have been served to date, we will begin to conduct an investigation into the facts of the case. In this regard, given plaintiff's allegations, we are forwarding to plaintiff for execution authorizations for the release of records sealed pursuant to New York Criminal Procedure Law § 160.50 in connection with this November 14, 2007 and November 23, 2007 arrests and subsequent prosecutions. Pursuant to that statute, all records concerning the arrests and prosecutions of plaintiff were sealed by court order upon the termination of the criminal action in favor of plaintiff. In addition, because plaintiff is claiming physical and/or psychological injuries, we are forwarding to plaintiff medical releases to complete so that we can secure the relevant medical records for any treatment, physical and/or psychological, plaintiff may have received in connection with the alleged incidents. Without these unsealing and medical releases, we cannot obtain these underlying records, and without the records, we are unable to properly assess this case or respond to the complaint.

Finally, we assure the Court that we will continue to monitor the docket sheet to ascertain whether service has been effected. Once service has been effectuated, then pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent each officer. Each individual must then decide whether he wishes to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864 - 65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within requests to (1) adjourn the pre-trial conference scheduled for June 25, 2008 until a later time and date, convenient to the Court, after the pleadings have been joined, and (2) hold off in setting a discovery schedule until after the pleadings have been joined.

Thank you for your consideration herein.

Respectfully submitted,

Brian Francolla
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Larry McNair (By mail)
Plaintiff *Pro Se*
DIN # 349-07-21674
George R. Vierno Center
09-09 Hazen Street
East Elmhurst, New York 11370